**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**LONNIE DONNELLY**                                                                                    **PETITIONER**

**v.**                                                          **No. 3:05CV92-D-A**

**STATE OF MISSISSIPPI, ET AL.**                                         **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Lonnie Donnelly (# K1304) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

On January 26, 2000, a judgment was entered in the Circuit Court of Grenada County, Mississippi, against Lonnie Donnelly pursuant to a guilty plea for two counts of armed robbery. Donnelly was sentenced to serve concurrent terms of twenty years in the custody of the Mississippi Department of Corrections. He was indicted for the following crimes: Count I - conspiracy to commit armed robbery, Count II - armed robbery, and Count III - capital murder. The charge in Count III was reduced to armed robbery and the charge in Count I was dismissed. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101.

The petitioner filed a "Petition To Correct and Modify Sentence(s)" on November 2, 2001. The trial court denied the petition on February 26, 2002, and the Mississippi Court of Appeals affirmed the decision of the trial court on April 1, 2003. *Donnelly v. State*, 841 So. 2d 207 (Miss.

App. 2003)(Cause No. 2002-CP-00496-COA), *reh'g. denied*, May 30, 2003. The Mississippi Supreme Court denied Donnelly's petition for certiorari review December 31, 2003. Thereafter, on April 30, 2003, Donnelly filed a "Petition For Review Of Sentence" which was denied by the circuit court on May 9, 2003, on the basis that the petition was procedurally barred as a successive petition and, also, that the petition was filed outside the three-year limitations period. The petitioner filed a second successive post-conviction motion on May 19, 2003, alleging the discovery of new evidence. The second successive petition was denied by the circuit court on May 23, 2003. On appeal of the trial court's denial, the court of appeals affirmed the decision of the trial court. *Donnelly v. State*, 887 So. 2d 833 (Miss. App. 2004)(2003-CP-01210-COA), *reh'g. denied*, November 30, 2004.

Donnelly's instant federal petition for a writ of *habeas corpus* was filed initially in the Southern District of Mississippi (case number 3:04cv496), but was then transferred and filed in this court under the current case number, 3:05cv92-D-A. For purposes of calculating the timeliness of the federal petition, the court shall use the date the petition was filed in the Southern District.

**Discussion**

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The petitioner's conviction became final on February 25, 2000, thirty days after he was sentenced on his guilty plea. *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001) (allowing thirty days to challenge illegal sentence after plea of guilty). The petitioner's deadline under 28 U.S.C. § 2244(d)(2) for filing a federal petition for a writ of *habeas corpus* was thus February 26, 2001.[1] *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As set forth above, the petitioner did file several applications for post-conviction relief in state court (on November 2, 2001, April 30, 2003, and May 19, 2003), but he did so after the federal one-year limitations period expired. As such, the petitioner did not "properly" file a motion for post-conviction relief prior to February 26, 2001.

---

[1]The actual due date would have been February 25, 2001, which was a Sunday; therefore, Donnelly had until the next business day, Monday, February 26, 2000, to file his federal *habeas* petition.

Under the "mailbox rule," the instant *pro se* federal petition for *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the petition was "filed" sometime between the date it was signed on May 12, 2004, and the date it was received and stamped as "filed" in the district court on June 30, 2004. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,171 days after the February 26, 2001, filing deadline. The petitioner cites no "rare and exceptional"circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d at 513-14; therefore, the instant petition must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of September, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE